## Socks's Estate.

*Charitable devise in legacies—Act of April 26, 1855.*

A calendar month required by the Act of April 26, 1855, P. L. 328, is to be computed from a certain day in one month to the corresponding day in the month following. In the computation of a calendar month the day of the happening of the event is not to be included in the computation.

Argued Oct. 15, 1900. Appeal, No. 140, Oct. T., 1900, by Jewish Orphans' Guardians Society, from decree of O. C. Phila. Co., July T., 1899, No. 291, in distribution of the estate of Sarah H. Socks, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Per Curiam.

282 SOCKS'S ESTATE.

Statement of Facts—Opinion of Court below.    [15 Pa. Superior Ct.

Exceptions to adjudication.    Before FERGUSON, J.

It appears from the adjudication that decedent died August 10, 1899.    On July 11, 1899, she had made her last will in which she bequeathed $500 to the Jewish Orphans' Guardians Society.    At the audit of the estate the auditing judge ordered that the legacy be paid, no question as to its validity having been raised.    A petition was subsequently filed by a sister of the decedent and residuary legatee, praying for a review of the executor's account on the ground that the bequest to the charitable institution was void under the act of 1855.

The orphans' court filed the following opinion by PENROSE, J., allowing the review, and declared that the charitable bequest was void :

The very able argument of counsel for the respondent has sustained with great force and clearness the proposition that "where a right exists by law, dependent upon an element of time, the time will be computed by the method most favorable to the existence of such right, being extended to its utmost possibility when the continuance of the right is dependent upon something done, or to be done, during or within a certain time, and contracted to its smallest bounds where the performance is required at or beyond a certain time;" and the cases cited, Duffy v. Ogden, 64 Pa. 240, Overseers v. Overseers, 148 Pa. 333, Menges v. Frick, 73 Pa. 137, Edmundson v. Wragg, 104 Pa. 500, and Cromelien v. Brink, 5 Casey, 522, bear directly on the point.

But rules of construction cannot stand as against the express provision of a statute.    The Act of April 26, 1855, P. L. 328, sec. 11, makes void a legacy or devise for religious or charitable purposes, unless "done by will, attested by two creditable . . . . witnesses at least one calendar month before the decease of the testator;" and as "at least one calendar month" is the equivalent of "not less than one calendar month," a "full calendar month," or "fully a calendar month," no argument is required to show that the first day of any given month is not a full calendar month before the last day of the same month.    The first day of July is not one full calendar month before the 31st day of July; and it is equally clear that the 11th day of July—the day upon which the will in this case

was executed—was not a full calendar month before the 10th day of August, the day upon which the testatrix died. The whole of that day was required to complete the month which preceded her death.

It was error, therefore, to award payment of the charitable legacies, pecuniary and specific; and as the error is apparent on the face of the record, the right of review is given by the Act of October 13, 1840, P. L. 841.

The petition was sworn to and actually presented to the court within less than a month after the filing of the adjudication. It was only made necessary by reason of the fact that the adjudication, under the rules of practice, had become absolute a week or ten days previously; and we think, under the circumstances, especially as the petitioner and the residuary legatees reside out of the state, that some liberality should be exercised with regard to it. It fails to assert that there has been no distribution of the balance, which, of course, is essential; but as the fact was conceded, this can be cured by amendment, as may also the omission of other material averments.

The amount which the will directs shall be held in trust for the preservation of the cemetery lot is in no sense a legacy— though the schedule of distribution treats it as such—and is not subject to abatement nor liable to payment of collateral inheritance tax. Nor are we able to understand the credit for collateral inheritance tax, the amount of which largely exceeds what would be due upon the entire debit side of the account (though it includes income accruing since the death), without deduction of any of the credits. The personal estate is not liable for the tax upon realty, and life estates and estates in remainder are taxed separately, both under the act of 1887 (Purd. Dig. 306, pl. 5), and the decisions prior to its passage: Mellon's Appeal, 114 Pa. 564; Wharton's Estate, 10 W. N. C. 105; Cox's Estate, 181 Pa. 369.

The adjudication is opened and referred back to the auditing judge for such amendment and relief as equity and justice may require.

The account was referred back to FERGUSON, J., for reaudit, and he, following the judgment of the court on the petition for review, excluded the charities from participation in the distribution.

284    SOCKS'S ESTATE.

Opinion of Court below—Opinion of the Court.    [15 Pa. Superior Ct.

Exceptions were filed to the adjudication by the present appellant and they were dismissed by the court, from which ruling this appeal was taken by the Jewish Orphans' Guardians Society.

*Error assigned* among others was in confirming the adjudication of the auditing judge and in dismissing exceptions thereto.

*Harry E. Kohn*, for appellant.—The cases all fall under one of two heads,—those in which the existence of the right depends upon something being done during or within a certain time, and those in which the existence of the right depends upon something being done at or beyond a certain time. In both cases the same principle of construction is adopted and the computation made most favorably to the right affected. Consequently, in the first class the time is extended to its utmost possibility, and in the latter is contracted to its smallest bounds. That the case at bar belongs to the latter class is too clear for argument, and it is submitted that it is controlled by this principle, as thus applied in the cases of Overseers v. Overseers, 148 Pa. 333, and Duffy v. Ogden, 64 Pa. 240.

*E. Hunn, Jr.*, for appellee.

PER CURIAM, November 19, 1900:

This case involves the construction of the 11th section of the Act of April 26, 1855, P. L. 328, which provides as follows: "No estate, real or personal, shall hereafter be bequeathed, devised or conveyed to any body politic, or to any person, in trust for religious or charitable uses, except the same be done by deed or will, attested by two credible, and, at the time, disinterested witnesses, at least one calendar month before the decease of the testator or alienor, and all dispositions of property contrary hereto, shall be void and go to the residuary legatee or devisee, next of kin or heirs, according to law, provided that any distribution of property within said period, bona fide made, for a fair, valuable consideration, shall not be hereby avoided."

This will was executed on July 11, 1898, and the testatrix died at six o'clock P. M. on August 10, following. To make

a calendar month there must be included in the computation not only that part of July 11, which had passed prior to the execution of the will, but also that part of August 10, which remained after the death of the testatrix. Manifestly a calendar month did not intervene between the act of the testatrix and her death. She died within the calendar month beginning on July 11. To say that the will was executed a calendar month before her death, the legal fiction that she did not die until the last day of the month had been fully completed and ended, must be substituted for the actual fact. Fictions of law are sometimes resorted to in furtherance of justice, but never to override the plain intention of the legislature in enacting a law or of the parties in making a contract. The case of Carl's Appeal, 106 Pa. 635, furnishes a good illustration of this principle, if one is needed. The statute declares, that, to be valid, the act must be done at least one calendar month before the happening of a certain event, and notwithstanding the very earnest and ingenious argument of the appellant's counsel, we are of the opinion that the court below correctly construed the act to mean that the day of the happening of the event is not to be included in the computation. We have carefully examined all the cases cited and do not find that they are in conflict with this conclusion. We cannot extend the discussion without mere repetition of what is contained in the clear and concise opinion of the court below, and that would be unprofitable.

The decree is affirmed and appeal dismissed at the costs of the appellant.